**Robert James JIMERSON, Appellant,**

v.

**KISCO COMPANY, INC., Appellee.**

**No. 76–1030.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1976.

Decided Oct. 12, 1976.

David A. Lang, St. Louis, Mo., for appellant; Forriss D. Elliott, St. Louis, Mo., on brief.

Samuel C. Ebling, St. Louis, Mo., for appellee; John B. Lewis, St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, and MARKEY,* and STEPHENSON, Circuit Judge.

PER CURIAM.

Plaintiff, Robert James Jimerson, appeals from a judgment of the District Court[1] in favor of defendant Kisco Company, Inc. (Kisco). Plaintiff's suit was brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1970), *as amended,* 42 U.S.C. § 2000e *et seq.* (Supp. V, 1975), and 42 U.S.C. § 1981 (1970). The District Court found for defendant on the basis that plaintiff had failed to establish a prima facie case.

Jimerson, a black male, applied for employment with Kisco in September, 1971. The application form used at that time and which Jimerson filled out contained the question: "Have you ever been arrested for other than minor traffic violations?". Jimerson answered this question affirmatively and in a subsequent interview with Kisco's personnel counselor stated that he had not been arrested or convicted since 1963. Jimerson was hired as a probationary employee. As part of its usual hiring procedure and with Jimerson's authorization, Kisco obtained a copy of Jimerson's police record, which showed that he had been arrested in 1971.

Kisco then discharged Jimerson from its employment for falsifying his police record. The application form signed by Jimerson contained the following: "I agree that any false statements in this application shall be sufficient for rejection or dismissal." Jimerson filed a timely complaint with the EEOC contending that his discharge was motivated by or a result of racial discrimination. He then filed the present action.

The District Court found, in an opinion reported at 404 F.Supp. 338 (E.D.Mo.1975), that Jimerson had deliberately falsified his police record with knowledge of the consequences of the falsification[2] and that he was discharged from employment because of this falsification. The District Court further found that Kisco had, since 1969, been involved in the active recruitment of hard core unemployables and persons with police or institutional records. This policy was implemented from 1969 until 1971 under an agreement between Kisco and the Department of Labor known as an "MA–IV Contract". Although this agreement was completed in early 1971, Kisco had chosen to continue the programs instituted thereunder, which included special counseling for persons with police and institutional records. While in 1970 the City of St. Louis was 40.9% black and the St. Louis metropolitan area was 19% black, 65% of Kisco's employees in 1971 were black.

Jimerson's claim of a violation of Title VII is based on the ground that his discharge for falsifying his arrest record constituted racial discrimination against black persons, since blacks would be more affected by such a policy than whites as blacks are arrested in proportionately greater numbers. Jimerson relies on *Green v. Missouri Pacific Railroad Company,* 523 F.2d 1290 (8th Cir. 1975), which held that the practice of refusing to consider for employ-

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Jimerson contends that this finding was clearly erroneous. A review of the record shows, however, that there was substantial evidence before the trial court supporting the finding that Jimerson deliberately made false answers to inquiries by Kisco concerning his police record.

ment any person convicted of a crime other than a minor traffic offense violated Title VII because it operated to disqualify blacks for employment at a substantially higher rate than whites. *Green* provided three statistical means of establishing disproportionate racial impact violative of Title VII. Jimerson proceeded under the first method in *Green,* which is stated in terms of "whether blacks as a class * * * are excluded by the employment practice in question at a substantially higher rate than whites."

Jimerson introduced evidence of the proportionately greater arrest rate for blacks and the District Court found that black persons are indisputably more likely to suffer arrest than white persons. Jimerson was not discharged for having an arrest record, however, but for falsifying this record when applying for a job with Kisco. To establish a prima facie case of disproportionate racial impact under *Green,* it was necessary for Jimerson to show that blacks as a class were excluded for falsifying their arrest records at a higher rate than whites. Jimerson offered virtually no evidence on this point and we agree with the District Court's conclusion that he, accordingly, failed to establish a prima facie case.[3]

The irony of this case lies not in its weakness but in the nature of the target of litigation. Kisco is not an employer with a history of either active discrimination against blacks or of indifference to the racial effects of its employment practices. To the contrary, Kisco made such concerted efforts to counteract the effects of discrimination against blacks that its percentage of black employees, during the period which is the subject of this litigation, was far above the percentage of blacks in the population of the surrounding area. Thus, an employer which sought earnestly to comply with the spirit underlying Title VII paradoxically found itself subject to suit thereunder, charged with having acted discriminatorily against blacks in the very implementation of a program designed to recruit black employees. Upon our review of the records, briefs and arguments of the parties, we affirm on the basis of the well-reasoned District Court opinion.

---

3. Because we agree with the District Court's conclusion that Jimerson failed to establish a prima facie case, it is not necessary to reach the contention that Kisco did not show a business necessity for its policy of inquiring into arrest records. *Harper v. TWA,* 525 F.2d 409, 414 (8th Cir. 1975); *Green v. Missouri Pac. R. R.,* 523 F.2d 1290, 1295 (8th Cir. 1975); *Coopersmith v. Roudebush,* 170 U.S.App.D.C. 374, 517 F.2d 818, 823 (1975).