**Bradford WALKER, Plaintiff,**

v.

**XEROX CORPORATION, Defendant.**

**No. 77–79C(3).**

United States District Court,
E. D. Missouri, E. D.

June 27, 1979.

---

Doris Gregory Black, St. Louis, Mo., for plaintiff.

Timothy L. Stalnaker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

Plaintiff Bradford Walker brought this suit pursuant to 42 U.S.C. § 2000e *et seq.* and 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1981, alleging discrimination on account of race.

This case was tried before the Court without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and being otherwise fully advised in the premises hereby makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

## FINDINGS OF FACT

1. Plaintiff Bradford Walker is a black male citizen of the United States and was at all times relevant herein a resident of St. Louis County, Missouri. Defendant Xerox Corporation is a corporation and an employer within the meaning of 42 U.S.C. § 2000e(b).

2. On February 26, 1973, plaintiff filled out a standard application form for employment at defendant corporation. Plaintiff indicated that he preferred sales or electronic repair work. He stated thereon that his general health was excellent.

3. Plaintiff has had prior work experience as a systems analyst, and in the Navy, as an electronic technician. Based upon such experience, defendant offered plaintiff the job of Technical Representative. The Court finds that plaintiff's race was not a factor, in whole or in part, in the decision to offer plaintiff employment as a Technical Representative and not to offer plaintiff a sales position.

4. Plaintiff failed his pre-placement physical examination because of his weight. After plaintiff had lost some weight, he passed. The Pre-Placement Examination form, which plaintiff completed, requested information concerning plaintiff's medical history. Although certifying by his signature that the information was true and correct, plaintiff responded "no" to the following questions:

Have you ever had or do you now have?

. . .

Nervous or emotional problems
Psychiatric or psychological treatment

Medically discharged from armed forces
Compensated: for armed forces disability

In fact, plaintiff had been diagnosed as a paranoid schizophrenic in 1967 and received benefits in connection with this disability.

5. Plaintiff was hired on May 7, 1973 as a Technical Representative–I at a salary of $143.00 per week. This salary was at the top of the salary range for that position.

6. Plaintiff was sent for training at defendant's service training center. He was unable to pass the course and was given remedial training to correct areas in which he had difficulty.

7. Thereafter, plaintiff was assigned a territory in South St. Louis. His work load, as well as the work load of the other Technical Representatives, was assigned in accordance with a company-wide formula

which took into account the copy volume of machines and the number of machine installations and removals.

8. From the credible evidence adduced, the Court finds that defendant's decision not to transfer or promote plaintiff into a sales position was not based, in whole or in part, upon plaintiff's race. The Court does not credit plaintiff's statement that he was told that defendant did not promote black employees.

9. On December 7, 1973, plaintiff left work but continued to draw a salary under defendant's Temporary Disability Benefits Program, said benefits lasting a maximum of six months. Since plaintiff had been employed less than one year, he was not eligible for Extended Disability Benefits.

10. Approximately two weeks thereafter, plaintiff's field manager reported that plaintiff had not been reporting in for work and had not submitted the necessary disability claim forms and doctor's statement, requisites for the continuation of disability benefits. Plaintiff was mailed the necessary forms which he completed, along with a statement from his doctor that plaintiff was being treated for hypertension and schizophrenia—paranoid type. Unable to determine whether a temporary replacement would be necessary to cover plaintiff's territory, Dr. Craig White, defendant's Director of Health Services, was contacted. He, in turn, contacted plaintiff's doctor. As a result of the information learned from plaintiff's doctor, it became apparent that plaintiff had falsified information on his Pre-Placement Examination form. There was no evidence that plaintiff's schizophrenia had reoccurred, or had affected his work in any way.

11. On January 29, 1974, Dr. Wright recommended to defendant's Branch Service Manager, James Lyons, that plaintiff be continued on Temporary Disability benefits until their expiration and then be terminated because of the falsification of information. Lyons met in mid-February, 1974 with defendant's area service manager, Bob O'Connor, and the branch manager, Don Boxdorfer. The three agreed to follow Dr. Wright's recommendation. Implementation of the decision was delayed, in accordance with Dr. Wright's suggestion, until June 7, 1974 so that plaintiff could receive the full amount of Temporary Disability benefits available. On June 7, 1974, when the benefits expired, plaintiff was terminated. The reason for the termination was the falsification of medical history.

12. The Court finds from the evidence adduced that plaintiff's race was not a factor, in whole or in part, in the decision to terminate plaintiff.

13. The evidence revealed that plaintiff had filed a charge of discrimination with the Equal Employment Opportunity Commission on April 1, 1974. The decision to terminate plaintiff after the expiration of his Temporary Disability benefits had been reached prior thereto. Accordingly, the Court finds that the decision to terminate plaintiff was not in retaliation for the filing of charges with the EEOC.

14. The Court finds that defendant did not discriminate against plaintiff on account of plaintiff's race in connection with the terms and conditions of plaintiff's employment or in connection with any transfer of job position sought.

15. Plaintiff has fulfilled all conditions precedent to suit.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the subject matter and the parties to this suit in accordance with 42 U.S.C. § 2000e *et seq.* and 28 U.S.C. § 1343.

Having found that plaintiff's race was not a factor in his employment, the terms and conditions thereof, the failure to transfer or promote, and his discharge, the Court concludes that no violation of the law has been established. *Christian v. General Motors Corporation*, 341 F.Supp. 1207 (E.D.Mo. 1972), *aff'd*, 475 F.2d 1407 (8th Cir. 1973); *cf., Jimerson v. Kisco Co.*, 404 F.Supp. 338 (E.D.Mo.1975), *aff'd*, 542 F.2d 1008 (8th Cir. 1976).

Judgment will be entered in defendant's favor.